IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  14-cv-01162-LTB-CBS

PLAZA INSURANCE COMPANY, a Missouri corporation,

      Plaintiff,

v.

CAROLYN LESTER,
JAMES BRADEN, and
BONNIE BRADEN,

      Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

      This matter is before me on Plaintiff's Motion for Summary Judgment [**Doc #40**] and

Defendant's Cross-Motion for Partial Summary Judgment on Plaintiff's Claim for Declaratory

Relief. [**Doc #41**]  Oral arguments would not materially assist me in my determination.  After

consideration of the parties' arguments, and for the reason stated, I DENY Plaintiff's motion, I

GRANT Defendants' motion, and I ENTER SUMMARY JUDGMENT in favor of Defendants

on Plaintiff's claim seeking a declaratory judgment.

## I.  BACKGROUND

      On August 24, 2013, Martin Braden was killed in a motor vehicle accident, caused by

Dana Beales, while Martin was working as a tow truck operator for C&J Auto Services (C&J).

Mr. Beales was criminally charged and it is undisputed, at this point, that his conduct constituted

a "felonious killing."

Martin's parents – Defendants James and Bonnie Braden – filed a wrongful death action against Mr. Beales in Weld County District Court on September 20, 2013.  After filing the case, the Bradens became aware that Defendant Carolyn Lester was Martin's common-law wife.  The Bradens and Ms. Lester participated in a mediation in order to decide how they would divide any proceeds received from claims arising out of Martin's death.

Sometime after filing the Weld County lawsuit, the parties discovered that Mr. Beales' liability insurance policy was limited at $100,000.  At the time of the accident, Martin's employer, C&J, carried a $1,000,000 underinsured motorist (UIM) policy with Plaintiff Plaza Insurance Company.  As such, Defendants submitted a policy limit demand to Plaintiff, pursuant to the UIM policy, on February 26, 2014.

The Bradens then agreed to settle their Weld County case against Beale for the $100,000 limit on his liability insurance policy.  Plaintiff was made aware of and approved the settlement with Mr. Beales.  The Bradens subsequently moved to dismiss their Weld County case against Mr. Beales, based on the settlement, and that case was dismissed with prejudice on April 10, 2014.

Two weeks later, on April 24, 2014, Plaintiff filed this case seeking declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  Specifically, Plaintiff seeks a declaration that the "one civil action" rule – set forth in the Colorado Wrongful Death Act at Colo. Rev. Stat. §13-21-203(1)(a) – precludes a second action against it by Defendants for the wrongful death of Martin Braden.  In the alternative, Plaintiff seeks a declaration that if such an action would be permitted, the proper plaintiffs would be the Bradens, not Carolyn Lester. [Doc #1]  Defendants, in response, have filed counterclaims – for breach of contract, breach of the implied covenant of

good faith and fair dealing, violation of Colo. Rev. Stat. §10-3-1115, and fraud – in which they contend that Plaintiff, by refusing to pay the UIM benefits to Defendant Lester, has committed a bad faith breach of the insurance policy. [Doc #9]

## II. SUMMARY JUDGMENT STANDARD

The parties have now filed cross-motions seeking summary judgment in their favor on Plaintiff's declaratory relief claim.  Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). Because the material facts relevant to the declaratory judgment claim are undisputed, the issue here is purely a matter of law and the parties agree that determination by summary judgment is appropriate and warranted.

## III. APPLICABLE LAW

A wrongful death claim may be maintained in Colorado pursuant to the Wrongful Death Act, Colorado Revised Statute §§ 13-21-201-204, which limits such claims in several ways.  For example, it limits the types of plaintiffs that may bring suit as well as the amount of damages that can be recovered.

At issue in this case is the limitation provided by §13-21-203(1)(a), which states, in relevant part, that: "[t]here shall be only one civil action . . . for recovery of damages for the wrongful death of any one decedent."  This limitation is known as the "only one civil action" provision. *Barnhart v. American Furniture Warehouse Co.,* 338 P.3d 1027, 1030 (Colo. App. 2013), *cert. denied*, 2014 WL 4322819 (Sept. 2, 2014).  The legislative purpose of the "only one

civil action" provision is to prevent multiple actions for the death of a single decedent, with the underlying goal of precluding multiple recoveries.  *Id.*

## IV. ANALYSIS

In this motion, Plaintiff seeks a ruling in its favor on its declaratory action claim.  It argues that the "only one civil claim" provision in §13-21-203(1)(a) bars Defendants from bringing an action against it for any UIM benefits, because a wrongful death action was already commenced and dismissed with prejudice in the Weld County case previously brought by the Bradens.  As such, Plaintiff seeks a declaration that "the 'one civil action' rule precludes a second action for wrongful death with respect to the death of Martin Braden or, in the alternative, that if a second such action is permitted, then the proper plaintiffs are the same as those in the first wrongful death action, that is, James Braden and Bonnie Braden, and not Carolyn Lester."        In support of its request for summary judgment on its declaratory action claim, Plaintiff argues that the law in Colorado is clear that the Wrongful Death Act requires all claims pursuant to the death of one person to be combined into one civil action.  Because the claim for UIM coverage in this case is a claim pursuant to the wrongful death of Martin Braden, and a civil action has already been filed, settled and closed, Plaintiff argues that any claim by Defendants for UIM benefits is barred by the "only one civil action" provision.

In response, Defendants argue that the "only one civil action" rule does not negate Plaintiff's obligation to pay Defendants the benefits owed under C&J's UIM policy.  They argue that their requests for  payment of those benefits (as set out in their counterclaims in this action) do not constitute a civil action brought "for recovery of damages for the wrongful death of" Martin Braden, as prohibited by §13-21-203(1)(a), but instead are actions to enforce the payment

4

of a contractual obligation due under an insurance policy held by Martin's employer at the time of his death.

The legal authority interpreting and applying the "only one civil action" provision set forth in §13-21-203(1)(a) is minimal.  In 1997, a division of the Colorado Court of Appeals upheld the dismissal of a medical malpractice action against the physicians who treated a pedestrian after he was stuck by a car because §13-21-203(1)(a) prohibited it as a second action after the plaintiffs had previously brought (and settled) a wrongful death action against the car's driver.  *Estate of Kronemeyer v. Meinig,* 948 P.2d 119, 121 (Colo. App. 1997).  In so doing, the Court of Appeals concluded that:

> the plain language of § 13–21–203(1) clearly and unambiguously reflects the intent of the General Assembly to permit only one wrongful death action for the death of one decedent. Pursuing in a sequential manner several wrongful death actions, against different defendants, and asserting different causes of death, is prohibited. Therefore, the trial court correctly concluded that the second wrongful death action in the instant case could not be maintained.  *Id.*

In 2007, the Colorado Supreme Court looked at whether the provision prohibited multiple actions – one against a surgeon in one county and one against a medical center that provided post-surgical care in a different county – related to a wrongful death of an individual caused by the alleged tortious actions of both defendants.  The Court found that the provision leaves "no room for doubt that Colorado law forbids multiple actions for the recovery of damages for the wrongful death of a decedent."  *Hernandez v. Downing*, 154 P.3d 1068, 1070 (Colo. 2007).  The Supreme Court determined that two actions in two different venues/counties would result in "two proceedings for the infringement of a right, namely the wrongful death of [the decedent]."  *Id.* at 1071 (*quoting Clough v. Clough*, 10 Colo.App. 433, 439, 51 P. 513, 515

5

(1897)(defining an action as "a proceeding on the part of one person, as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or law")).  Because the Wrongful Death Act "avoids the duplicative proceedings and inconsistent outcomes that could result from multiple actions arising from the wrongful death of one individual," the Court in *Hernandez v. Downing*, *supra*, ruled that the parties could not bring cases in two venues, but instead should proceed in one civil action and that one venue was proper as to both claims. *Id.*; *see also Steedle v. Sereff*, 167 P.3d 135 (Colo. 2007)(noting that the Wrongful Death Act limits damages by requiring that "all claims pursuant to the death of one person be combined into one civil action," and ruling that the death itself was the operative injury, not the harms suffered by the individual family members, under the Colorado Governmental Immunity Act).

Recently, a division of the Colorado Court of Appeals addressed whether the "only one civil action" provision of §13-21-203(1)(a) prevented an heir (decedent's son) from bringing a wrongful death claim after her surviving spouse had settled such a claim without filing suit. *Barnhart v. American Furniture, supra,* 338 P.3d at 1030.  The *Barnhart v. American Furniture* Court ruled that a spouse's earlier settlement precluded the son's subsequent claim because the "only one civil action" provision "is merely a limit on the number of recoveries that may be sought – not a requirement that an action must be filed in court for the bar to apply."  *Id.* at 1033 (relying on the Wrongful Death Act's "intent to preclude multiple wrongful death recoveries"); *but see Morrison v. Colorado Permanente Medical Group, P.C,* 983 F.Supp. 937, 944 (D.Colo. 1997)(ruling that an arbitration proceeding is not a civil action under the Colorado Wrongful

Death Act and, as such, the civil action against a hospital emergency room could proceed while arbitration proceedings were held between the plaintiffs and other defendants).

In this case there is no question that the initial case in Weld County was the only civil action that could be filed in order to obtain damages for the wrongful death of Martin Braden under Colorado's Wrongful Death Act.  The issue here, however, is whether the subsequent claim against Martin's employer's insurance policy for UIM benefits – brought by the same potential plaintiffs based on the death of Martin while he was working – constitutes a second civil action that is barred by §13-21-203(1)(a).  Plaintiff argues that any claim against it for UIM benefits arises from Martin's wrongful death would result in a second action in violation of the "only one civil action" provision of §13-21-203(1)(a).  *See Steedle v. Sereff, supra*, 167 P.3d at 138 (ruling that Colorado's Wrongful Death Act "requires all claims pursuant to the death of one person to be combined into one civil action").

Defendants argue, in response, that their claim for UIM benefits under the insurance policy issued by Plaintiff does not constitute a second civil action as contemplated by §13-21-203(1)(a).   In support of this position, Plaintiffs assert that their claim for the UIM benefits is not a judicial proceeding and, as such, is not a "civil action" as set forth in §13-21-203(1)(a).  *See generally Hernandez v. Downing, supra*, 154 P.3d at 1070 (defining a civil action under the Wrongful Death Act as "a proceeding on the part of one person, as actor, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or law")(*quoting Clough v. Clough, supra*, 51 P. at 515); *see also* 1A C.J.S. Actions §7 (2005)("[a] civil action has been defined as . . . an action which has for its object the recovery of private or civil rights or compensation for their infraction").  Defendants note that a request for

7

UIM benefits is not generally made within the course of a judicial proceeding to redress the infringement of some right, and does not typically involve a determination of rights or the prosecution of a wrong. Rather, such claims are resolved according to the terms of the governing insurance contract, usually without the need for court intervention.

Defendants further argue that any action by them to recover UIM benefits owed under the insurance policy in this case is not for wrongful death, but rather would be for breach of Plaintiff's contractual obligation. *See generally Steedle v. Sereff*, *supra*, 167 P.3d at 140 (indicating that a cause of action under the Wrongful Death Act "arises out of tortious acts which injured the decedent and resulted in the decedent's death")(*quoting Pizza Hut of America, Inc. v. Keefe*, 900 P.2d 97, 102 (Colo. 1995)).  It is uncontested that Plaintiff did not cause Martin's death; rather, Plaintiff insured Martin (via his employer) at the time of the accident. Defendants argue that any legal claims against Plaintiff are not for its tortious conduct, but instead are for its breach of contract, as set forth in Defendants' counterclaims in this case, for Plaintiff's alleged failure to pay the UIM benefits due under the policy. *See Estate of Wright, ex rel. Wright v. United Services Auto. Ass'n*, 53 P.3d 683, 686  (Colo. App. 2001)(noting the distinction, in a case involving the wrongful death of an insured, of the "contractual liability of an [UM] insurer, rather than the tort liability of the person who caused the death").

Furthermore, Defendants note that the terms of the insurance policy support a ruling that an action to enforce the payment of UIM benefits is not barred by §13-21-203(1)(a).  The policy dictates that Plaintiff's duty to provide UIM coverage in this case is not triggered until Defendants reached a tentative policy limits settlement with the tortfeasor.  Specifically, the policy provides that UIM benefits are only available if  "[t]he limits of any applicable liability . .

8

.  policies have been exhausted by payment of judgments or settlements" or "[a] tentative

settlement has been made between an 'insured' and the insurer of a[n underinsured] vehicle . . .,

and [Plaintiff has] been given prompt written notice of such tentative settlement."  Defendants'

argue that Plaintiff's position – that requires that the UIM carrier be joined as a party in the

single wrongful death action against the tortfeasor[s] – is inconsistent with the language of the

policy that dictates the UIM benefits are not available until after the claim against the tortfeasor

is settled.  In addition, Defendants contend that the policy terms clearly contemplate that a claim

for UIM benefits is distinct from a wrongful death action because a legal action to recover UIM

benefits is deemed timely if it "commences within two years after the insured settles the

underlying bodily injury claim."  Finally, Defendants argue that forcing a plaintiff to sue for any

UIM benefits in the initial wrongful death action would undercut the purpose of UIM coverage

in that it would not allow the carrier to first fulfill its policy obligation before being sued.  *See*

*generally* Colo. Rev. Stat. § 10-4-609(4))(mandating UIM coverage for damages the "insured is

legally entitled to collect from the owner or driver of an underinsured motor vehicle"); *Estate of*

*Wright v. United Services Auto. Ass'n*, *supra*, 53 P.3d at 686 (ruling that the purpose of UIM

coverage "is to compensate an innocent insured fully for loss caused by financially irresponsible

motorists, subject to the policy limits, and to place the insured in the same position as if the

uninsured or underinsured motorist had liability coverage equal to that of the insured")(citations

omitted).  Defendants maintain that requiring an insured decedent's estate to name the UIM

carrier as a defendant to the wrongful death action against the tortfeasor is contrary to the

language of the insurance policy here, as well as the purposes of the Wrongful Death Act and the

Colorado Uninsured/Underinsured Motorist Statutes.

I agree with Plaintiff that the "only one civil action" statutory provision in §13-21-203(1)(a), as well as the law interpreting it, require broad application to bar second lawsuits for the recovery of damages for the wrongful death of a decedent. *See e.g. Hernandez v. Downing*, *supra*, 154 P.3d at 1070; *Barnhart v. American Furniture, supra,* 338 P.3d at 1030. However, I agree with Defendants that any potential lawsuit by them for the breach of a contractual obligation to pay insurance benefits on the death of an insured is not barred by §13-21-203(1)(a). Such claim sounds in contract, not in tort, and is governed, in this case, by the terms of the applicable insurance policy and, if necessary, by Colorado's UIM statute. *See* Colo. Rev. Stat. §10-4-609; *see also Estate of Wright v. United Services Auto. Ass'n*, *supra*, 53 P.3d at 686 (ruling that because the decedent's parents and her estate "would be legally entitled to recover uncapped noneconomic damages from the driver who caused decedent's death or from the driver's liability insurer, they are entitled to recover the amount of such damages from [the insurance carrier], subject to policy limits").

Therefore, I conclude that under the circumstances of this case, Defendants claims for breach of the UIM insurance policy at issue are not barred by §13-21-203(1)(a) of the Colorado Wrongful Death Act. In so doing, however, I am not addressing the question of the applicability of the "only one civil action" provision of §13-21-203(1)(a) to Defendants' counterclaims based an insurer's bad faith breach of the of the duty of good faith and fair dealings, as such claims arise in tort under Colorado law. *See Goodson v. American Standard Ins. Co. of Wisconsin,* 89 P.3d 409, 414 (Colo. 2004)(ruling that the special nature of the insurance contract and the relationship which exists between the insurer and the insured "gives rise to a separate cause of action arising in tort" for an insurer's breach of the duty of good faith and fair dealing)(citations

omitted); *Johnson v. Liberty Mut. Fire Ins. Co.,* 653 F.Supp.2d 1133, 1144 (D.Colo. 2009)(ruling that every insurance contract is imbued with an implied duty of good faith and fair dealing that is actionable in tort under Colorado law).

Therefore, I dismiss, as a matter of law, Plaintiff's request for a declaratory judgment that this action may not brought against it for UIM benefits for the wrongful death of Martin Braden. To the extent that Plaintiff also seeks an alternative declaratory judgment that the "proper plaintiffs" in this suit are James Braden and Bonnie Braden, and not Carolyn Lester, I note that this question was not addressed by the briefs and, as such, I deny this request and instead will permit the parties to argue the appropriateness of the opposing parties, and the applicability of §13-21-203(1)(a) to Defendants' claims based on Plaintiff's bad faith breach, in the litigation of Defendants' counterclaims.

ACCORDINGLY for the forgoing reasons, I DENY the Plaintiff's Motion for Summary Judgment [**Doc #40**] and I GRANT Defendant's Cross-Motion for Partial Summary Judgment on Plaintiff's Claim for Declaratory Relief [**Doc #41**].  As a result, SUMMARY JUDGMENT SHALL ENTER, as a matter of law, in favor of Defendants on Plaintiff's claim seeking a declaratory judgment.   I AWARD Defendants their costs.

Dated: May   13  , 2015,  in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge